FILED
IN OPEN COURT

NOV 1 3 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:15-CR-307 |
| | ) | |
| JOHN BRYAN MCNAMARA, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL INFORMATION

(Conspiracy to Smuggle Goods into the United States)

THE UNITED STATES ATTORNEY CHARGES THAT:

1. From at least in or about 2007, and continuing thereafter until at least May 2014, in the Eastern District of Virginia and elsewhere, the defendant JOHN BRYAN MCNAMARA ("MCNAMARA"), did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the investigation, including IK and FK, to smuggle goods into the United States, in violation of Title 18, United States Code Section 545, to wit:

   a. with intent to defraud the United States, smuggle and clandestinely introduce and attempt to smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, and make out and pass and attempt to pass through a customhouse false, forged, and fraudulent invoices, and other documents and papers; and

   b. fraudulently and knowingly import and bring into the United States merchandise, contrary to law, and receive, conceal, sell and facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported into the United States contrary to law.

**Overt Acts**

2.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by members of the conspiracy in the Eastern District of Virginia and elsewhere:

   a. On or about June 8, 2009, MCNAMARA emailed FK about purchasing artifacts found in a grave in or near present-day Pakistan.

   b. On or about July 28, 2010, MCNAMARA and FK discussed MCNAMARA purchasing artifacts, including maces and bronze axes, from IK.

   c. On or about March 7, 2013, MCNAMARA received a shipment of artifacts from Pakistan that were sent by FK. This shipment also included artifacts that IK had purchased from FK.

   d. On or about October 8, 2013, FK, IK and MCNAMARA caused an international shipment of artifacts ("October 2013 shipment"), shipped from Rawalpindi, Pakistan, to arrive at Washington Dulles International Airport in the Eastern District of Virginia, with the intention that the artifacts would be transported and sold within the United States by IK, MCNAMARA, and others.

   e. On or about October 8, 2013, FK caused the presentation of a waybill to CBP that falsely described the contents of the October 2013 shipment as "decoration pieces."

   f. On or about October 23, 2013, FK, IK and MCNAMARA discussed what to tell CBP to cause the release of the October 2013 shipment.

   g. In or about November 2013, MCNAMARA provided advice and instructions to IK and FK about what IK should say to CBP regarding the October 2013

shipment.

h. On or about December 3, 2013, IK sent false and fraudulent documents to CBP via facsimile, including what purported to be certificates issued by the Government of Pakistan regarding the October 2013 shipment.

i. On or about January 2, 2014, IK sent false and fraudulent documentation via U.S. mail to CBP, which purported to show that the Government of Pakistan had no objection to the export of the artifacts contained in the October 2013 shipment.

j. On or about May 23, 2014, MCNAMARA emailed FK with an offer to purchase a "lot" of axes and maces for $4,000 and asked if the items would be sent to IK.

k. On or about September 6, 2014, FK told MCNAMARA to say that MCNAMARA had no connection with the October 2013 shipment.

l. On or about February 2, 2015, MCNAMARA, when questioned concerning the October 2013 shipment, knowingly made false statements to federal law enforcement agents with the intent to obstruct, impair and impede any investigation regarding the October 2013 shipment and to conceal the ongoing nature of his business relationship with IK and FK.

All in violation of Title 18, United States Code, Sections 371 and 545.

## FORFEITURE NOTICE

Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of the offense alleged in this information, he shall forfeit to the United States the following property:

(a) All merchandise introduced into the United States in violation of 18 U.S.C. §§ 371 and 545; and

(b) Any property constituting or derived from, proceeds obtained directly or indirectly, as the result of the offense charged herein.

(In accordance with 18 U.S.C. §§ 545 and 982(a)(2)(B) and 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Dana J. Boente
United States Attorney

By: _____
Katherine L. Wong
Assistant United States Attorney